IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 NOV 20 AM 7:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

SHELBY N. SANDERS, )
)
Plaintiff, )
)
vs. )
) CV 03-J-552-S
FORTIS BENEFITS, INC., )
)
Defendant. )
)

ENTERED
NOV 20 2003

**MEMORANDUM OPINION**

Pending before the court is defendant Fortis Benefits, Inc.'s ("Fortis Benefits") motion for summary judgment (doc. 17). The court has reviewed the motion and the parties' other submissions. Based upon this review, the court is of the opinion that the motion is due to be granted.

**I. Background**

The plaintiff sued Fortis Benefits alleging race discrimination in violation of 42 U.S.C. § 1981.

In the light most favorable to the plaintiff, the facts of this case are as follows:

Plaintiff began working for Protective Life Insurance Company ("Protective") as a customer service representative on July 31, 2000. *See* Memorandum dated January 28, 2002 attached as Exhibit 6 to Plaintiff's Evidentiary Submission. On

35

January 1, 2002, Fortis Benefits acquired a division of Protective which included the call center in which the plaintiff was employed - which is how the plaintiff became an employee of the defendant. *See* Johnson Depo. at 7. The plaintiff was hired by Cynthia Johnson ("Johnson") and Johnson supervised the plaintiff throughout her employment with Protective and Fortis Benefits. Sanders Depo. at 63; Johnson Depo. at 8-9.

Plaintiff received an evaluation completed by Johnson on August 14, 2001 which indicated a need for improvement in attendance. Sanders' Performance Feedback Evaluation attached as Exhibit 5 to Plaintiff's Evidentiary Submission. Next, on February 1, 2002, the plaintiff received a formal discipline memorandum regarding her attendance. Memorandum dated January 28, 2002 attached as Exhibit 6 to Plaintiff's Evidentiary Submission. This memorandum stated that a failure by the plaintiff to demonstrate immediate and permanent improvement in attendance could result in termination of her employment without further warning. *Id.* In response to the memorandum, the plaintiff sent a letter to Sylvia Wagner, Senior Vice-President of Human Resources and Development at defendant's main office in Kansas City complaining that she did not think her attendance record had carried over from Protective when she became an employee of Fortis Benefits. Letter attached as Exhibit 4 to Plaintiff's Evidentiary Submission. The letter also states that the plaintiff

attempted to arrange a meeting with Johnson in January of 2002 to discuss "health issues." *Id.*

Defendant's attendance records for the plaintiff indicate the following: nine (9) excused absences without pay between August 25, 2000 and December 13, 2001; seven (7) unexcused absences without pay between January 26, 2001 and November 13, 2001; eight (8) sick day absences between February 13, 2001 and August 31, 2001; and six (6) essential absence days between January 10, 2002 and January 30, 2002. Memorandum dated January 28, 2002 attached as Exhibit 6 to Plaintiff's Evidentiary Submission. Further evidence indicates that the plaintiff was late to work by at least 25 minutes several times. *See* Declaration of Lindsey attached as Exhibit 3 to Defendant's Second Evidentiary Submission (doc. 26). The evidence further shows that the plaintiff was tardy seven (7) times after she received the February disciplinary memorandum, but prior to her termination. *See* Attendance Record attached as Exhibit A to Declaration of Rich, Exhibit 6 to Defendant's First Evidentiary Submission (doc. 18). Sometime in March, Johnson went to Crystal Harbin Lindsey ("Lindsey"), a human resources consultant located in Birmingham, for guidance with respect to the plaintiff's attendance. *See* Lindsey Depo. at 24-25; Johnson Depo. at 25-26. Lindsey then spoke with John Henley ("Henley"), a human resources representative in Kansas City, who decided that termination was a proper

way to proceed. *See* Henley Depo. at 47; Lindsey Depo. at 25-26. The plaintiff was then terminated from her position as a customer service representative with the defendant on April 1, 2002. Sanders Depo. at 16-17. The defendant informed plaintiff that her termination was a result of her attendance problems. Sanders Depo. at 16-17.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to

the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Legal Analysis

Plaintiff asserts solely that the above facts constitute race discrimination under 42 U.S.C. § 1981. Defendant asserts that the plaintiff is not able to establish a prima facie case of discrimination because she is unable to identify a similarly situated person from a different class who was treated more favorably. In response, the plaintiff points to Michelle Wynn ("Wynn").

For a prima facie case, the plaintiff must show that (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside the protected class more favorably; and (4) she was qualified to do her job. *See EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000).[1] The parties only contest whether the plaintiff has shown that a similarly situated employee outside the protected class was treated more favorably.

Wynn, like the plaintiff, was employed as a customer service representative and had attendance problems. Both Wynn and the plaintiff received a low score in the

---

[1] Whether a claim was made pursuant to 42 U.S.C. § 2000e or § 1981, the same substantive proof is required and the claim is analyzed under the same framework. *See e.g., Bass v. Board of County Comm'rs, Orange County, Florida*, 256 F.3d 1095, 1109 n.4 (11th Cir. 2001); *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).

area of reliability on their August 14, 2001evaluations.[2] Sanders' Performance Feedback Evaluation attached as Exhibit 5 to Plaintiff's Evidentiary Submission; Wynn's Performance Feedback Evaluation attached as Exhibit B to Declaration of Lindsey, Exhibit 5 to Defendant's First Evidentiary Submission (doc. 18). Plaintiff received a disciplinary memo on February 1, 2002 noting that she had seven (7) unexcused absences in 2001 and six (6) absences already in January, 2002. Memorandum dated January 28, 2002 attached as Exhibit 6 to Plaintiff's Evidentiary Submission. Plaintiff was then terminated on April 1, 2002 after having been tardy on at least seven (7) occasions (30 minutes late on at least one of those occasions) after she received the disciplinary memorandum but prior to her termination. *See* Declaration of Lindsey attached as Exhibit 3 to Defendant's Second Evidentiary Submission (doc. 26). On April 2, 2002, Wynn received a disciplinary memo similar to the one plaintiff had received in February noting that she had four (4) unexcused absences in 2001 and five (5) absences in January and February of 2002. Memorandum dated March 28, 2002, Plaintiff's Exhibit 6 to Lindsey Depo. attached as Exhibit 3 to Defendant's First Evidentiary Submission (doc. 18). No further action was taken against Wynn before she resigned on August 9, 2002. *See* Declaration of

---

[2] The court notes that, while their scores were similar in the area of reliability, Wynn scored higher than plaintiff in all other areas.

Rich attached as Exhibit 6 to Defendant's First Evidentiary Submission (doc. 18). Between the time she received the disciplinary memo and she resigned, Wynn was tardy on several occasions. *See id.* It is clear from the evidence submitted that Wynn had fewer unexcused absences, other absences or tardies than the plaintiff had prior to her termination.

However, even assuming that the plaintiff is able to show a prima facie case of discrimination, defendant has offered a legitimate non-discriminatory reason for terminating the plaintiff. *See Kelliher v. Veneman*, 313 F.3d 1270, 1275 (11th Cir. 2002). Defendant offered evidence that the final decision maker, John Henley, based his termination decision solely on the plaintiff's record of attendance. Declaration of Henley attached as Exhibit 4 to Defendant's First Evidentiary Submission (doc. 18); Henley Depo. at 34. Defendant offered further evidence that Johnson recommended the plaintiff for termination based solely on the plaintiff's poor attendance history. Johnson Depo. at 33-34; Lindsey Depo. at 25. The evidence also reveals that Johnson believed that the plaintiff and Wynn were in fact differently situated. Johnson Depo. at 21, 34, 46, 52. Finally, the defendant presented evidence that Wynn had fewer unexcused absences and that her tardies were de minimus. Defendant's reason for terminating the plaintiff, absenteeism, is certainly a reason that would motivate a reasonable employer.

Once the defendant articulates a legitimate, non-discriminatory reason for the adverse employment action, the burden is on the plaintiff to show that the proffered reason is a pretext for discrimination. *See Kelliher*, 313 F.3d at 1275. The plaintiff has failed to offer any evidence of pretext. Instead, the plaintiff merely argues that because Johnson had discretion with regard to discipline that her actions were necessarily pretextual. However, "federal courts do not sit to second-guess the business judgment of employers." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir. 1997). Plaintiff has simply failed to produce evidence sufficient to permit a reasonable fact finder to disbelieve the defendant's proffered nondiscriminatory explanation that it terminated the plaintiff because of her attendance. While the plaintiff correctly points out that the fact that she was replaced by a member of the protected class does not defeat her prima facie case, the plaintiff fails to realize that the race of her replacement is still relevant. In fact, the court can consider the race of her replacement as evidence tending to show that the defendant's articulated reason for terminating the plaintiff was not a pretext for racial discrimination. *See Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1186 fn.1 (11th Cir. 1984). Moreover, the plaintiff testified that no one employed by defendant ever said anything to her that made her think her race was an issue. *See* Sanders Depo. at 107-108. There were no complaints of racially discriminatory conduct by Johnson made by the

9

plaintiff or anyone else employed by the defendant prior to the plaintiff's termination. Declaration of Lindsey attached as Exhibit 5 to Defendant's First Evidentiary Submission (doc. 18).

The Eleventh Circuit has recognized that "[t]he 'ultimate question' in a disparate treatment case is not whether the plaintiff established a prima facie case or demonstrated pretext, but 'whether the defendant intentionally discriminated against the plaintiff.'" *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1184 (11th Cir. 1984) (quoting *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711 (1983)). "In the absence of evidence pointing to race as the explanation for the employer's conduct, [the court] must hold that [the plaintiff] has failed to meet [her] burden of proof." *Nix*, 738 F.2d at 1187; *see also Kelliher*, 313 F.3d at 1275. Because the plaintiff cannot meet her burden, summary judgment is due to be granted in the defendant's favor.

## IV. Conclusion

The court, having considered all of the evidence submitted by the parties, finds that the plaintiff fails in her burden to show any evidence sufficient to survive the defendant's motion for summary judgment. The court finds that, as a matter of law, the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248.

Based upon the foregoing, defendant's motion for summary judgment (doc. 17) is **GRANTED**. Plaintiff's claims against the defendant shall be **DISMISSED WITH PREJUDICE** by separate order.

**DONE** and **ORDERED** this the ___19___ day of November, 2003.

Inge P. Johnson<br>
U.S. District Judge